FILED
United States Court of Appeals
Tenth Circuit

December 4, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN JOSHUA KARP,

    Plaintiff-Appellant,

v.

KIRK G. GARRETT, Correctional
Officer, Colorado Department of
Corrections; MARK BROADDUS,
Warden, Denver Reception and
Diagnostic Center,

    Defendants-Appellees.

No. 11-1548
(D.C. No. 1:10-CV-02277-CMA-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Steven Joshua Karp ("Karp"), a pro se Colorado state prisoner, challenges the

dismissal of his 42 U.S.C. § 1983 prisoner complaint. Our jurisdiction arises under

28 U.S.C. § 1291 and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his complaint, Karp alleged that defendant Kirk G. Garrett ("Garrett"), a corrections officer employed by the Colorado Department of Corrections, and Mark Broaddus ("Broaddus"), warden of the corrections facility in which Garrett worked, subjected Karp to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. Karp alleged that Garrett assaulted him by slamming his head into a door jam, causing serious injury. He alleged that Broaddus was liable because his injury was caused in part by Broaddus' failure to properly train and educate his staff. Karp sued both defendants in their individual and official capacities.

The magistrate judge recommended that the district court dismiss Karp's claims against Broaddus because the claims in his official capacity were barred by the Eleventh Amendment and the claims in his individual capacity were barred by qualified immunity. The magistrate judge further found that because Karp attributed liability to Broaddus merely on the basis of his supervisory role, his claims should be dismissed for failure to sufficiently show personal participation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (internal quotation marks omitted)). The magistrate judge also recommended that the district court dismiss the claims against Garrett because Karp failed to properly serve him. After reviewing Karp's objections, the district court agreed. It adopted the

magistrate judge's report and recommendation and dismissed Karp's complaint. Karp now appeals.

Having reviewed the briefs, the record, and applicable law, we conclude that Karp has not identified any reversible error in the magistrate judge's analysis or the district court's order. We therefore AFFIRM the district court's dismissal for substantially the same reasons articulated by the magistrate judge in her report and recommendation and adopted by the district court in its order of October 28, 2011. Karp's motion to proceed *in forma pauperis* on appeal is GRANTED, and he is reminded to continue making partial payments of the filing fee until it is paid in full. Appellant's motion to appoint counsel is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge